**ARMSTRONG TEASDALE, LLP**
**By:    Michael J. Engle, Esquire**
**        Ashley E. Shapiro, Esquire**
**        2005 Market Street, 29ᵗʰ Floor**
**        One Commerce Square**
**        Philadelphia, PA 19103**
**        (267) 780-2000                              ATTORNEYS FOR DEFENDANT**

_____

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **vs.** | : | **CRIMINAL NO. 20-cr-578 (JMV)** |
| | : | |
| **JEFFREY ANDREWS** | : | |

**MOTION FOR BILL OF PARTICULARS**

**TO THE HONORABLE, THE JUDGE OF THE SAID COURT:**

Defendant, JEFFREY ANDREWS, by and through his counsel, MICHAEL J. ENGLE,

ESQUIRE and ASHLEY E. SHAPIRO, ESQUIRE, respectfully submits this Motion for a Bill of

Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, and requests this

Honorable Court enter an Order directing the United States to file a Bill of Particulars to the

following entities, amounts, claims and matters concerning the offenses charged in the above-

referenced Indictment. As grounds for this Motion, Defendant submits the following:

1.      Mr. Andrews is charged in various counts of a 15-count Indictment, along with

three other co-defendants, with conspiracy, health care fraud, and payment of bribes and kickbacks

in connection with a federal health care program in violation of 18 U.S.C. §§ 1349, 1347, 371, and

2, and 42 U.S.C. § 1320a-7b(b)(2)(B). The charges specific to Mr. Andrews are contained in

Counts 1, 4, 5, 6, 7, 8, 11, 12, 13, 14 and 15 of the Indictment, which also contains forfeiture

allegations (See Exhibit A, containing the Indictment, ECF No. 1).

1

2.     Mr. Andrews worked with the three other co-defendants through his role as an independent contractor for Scrips America, a pharmacy located in New Jersey, which is the parent company of Main Avenue Pharmacy ("Main Avenue"). Main Avenue is the primary entity at issue in the Indictment. Through his role as an independent contractor, Mr. Andrews served as the Chief Financial Officer for both Scrips America and Main Avenue.

3.     Count 1 alleges that "The Defendants and Others" knowingly and intentionally conspired to commit health care fraud in violation of 18 U.S.C. § 1349 by submitting insurance claims for medically unnecessary compounded medications. Central to this scheme as alleged throughout the Indictment are Marketing Company-1, Marketing Company-2, Marketing Company-3, and Marketing Company-4, which are all un-named "co-conspirators." (Exh. A, Count 1 ¶¶ 1.i-l, at p. 3).

4.     Count 1 specifically alleges that a co-defendant, who is not Mr. Andrews, entered into agreements with Marketing Companies 1, 2 and 3 wherein Main Avenue agreed to pay the Marketing Companies commissions based on reimbursements received by health care benefit programs. (Exh. A, Count 1 ¶ 8, at p. 9).

5.     Count 1 also alleges that each of the four Marketing Companies had a dedicated e-fax number assigned to them by Main Avenue so that prescriptions sent by the Marketing Companies could be quickly received, and so that Main Avenue could keep track of commissions owed to each company. (Exh. A, Count 1 ¶ 14, at p. 11).

6.     Count 1 further alleges that the Defendants collectively submitted claims to health care benefit programs for compounded medications that "exceeded $35,000,000." (Exh. A, Count 1 ¶ 19, at p. 14).

7.      Counts 4-7 charge Mr. Andrews with health care fraud, in violation of 18 U.S.C. § 1347. (Exh. A, at p. 16).

8.      Count 4 specifically charges Mr. Andrews and two other co-defendants with health care fraud for allegedly causing Main Avenue to submit a claim on approximately August 20, 2015 to "Commercial Payer-2" for a prescription compounded medication for "Individual-3." (Exh. A, Count 4, at p. 16).

9.      Count 4 fails to identify the individual or entity the claim relates to, the amount of the claim, and the entity the claim was submitted to that the government alleges constitutes health care fraud committed by Mr. Andrews.

10.     Count 5 also charges Mr. Andrews and these same two co-defendants with health care fraud for allegedly causing a pharmacy to submit a claim on approximately November 18, 2015 to "Commercial Payer-2" for a prescription compounded medication for "Individual-4." (Exh. A, Count 5, at p. 16).

11.     Count 5 fails to identify the individual or entity the claim relates to, the amount of the claim, and the entity the claim was submitted to that the government alleges constitutes health care fraud committed by Mr. Andrews.

12.     Count 6 charges Mr. Andrews and these same two co-defendants with health care fraud for allegedly causing a pharmacy to submit a claim on approximately December 30, 2015 to Medicare for a prescription compounded medication for "Individual-5." (Exh. A, Count 6, at p. 16).

13.     Count 6 fails to identify the individual or entity the claim relates to, and the amount of the claim that the government alleges constitutes health care fraud committed by Mr. Andrews.

14.     Count 7 also charges Mr. Andrews and these same two co-defendants with health care fraud for allegedly causing a pharmacy to submit a claim on approximately January 27, 2016 to Medicare for a prescription compounded medication for "Individual-6." (Exh. A, Count 7, at p. 16).

15.     Count 7 fails to identify the individual or entity the claim relates to, and the amount of the claim that the government alleges constitutes health care fraud committed by Mr. Andrews.

16.     Furthermore, Counts 4-7, simply group Mr. Andrews in with two other co-defendants without actually providing any specificity regarding the alleged role Mr. Andrews played related to each count, or the conduct specific to Mr. Andrews that amounts to the health care fraud alleged in each count.

17.     Count 8 charges Mr. Andrews and three co-defendants with Conspiracy to Violate the Anti-Kickback Statute in violation of 18 U.S.C. § 371. Specifically, Count 8 alleges that the Defendants knowingly and willfully conspired to offer and pay kickbacks and bribes to persons to induce them to write prescriptions for compounded medications for which payment was made in whole and in part under federal health care programs such as TRICARE and Medicare. (Exh. A, Count 8 ¶ 2, at p. 17).

18.     Count 8 at paragraph 3 alleges that the goal of this conspiracy was for the Defendants to profit by paying bribes and kickbacks to Marketing Companies, apparently including Marketing Company-1, Marketing Company-2, Marketing Company-3, and Marketing Company-4, in exchange for the Marketing Companies convincing Telemedicine doctors to write prescriptions that were not medically necessary. Count 8 fails to name or otherwise identify any of these Marketing Companies.  (Exh. A, Count 8 ¶ 3, at p. 18)

19.     Count 8 also charges that Main Avenue received more than $8 million in reimbursements from health care benefit programs and disbursed a "substantial percentage" of those reimbursements to the Marketing Companies but fails to name or otherwise identify any of the Marketing Companies or specify the amount each Marketing Company allegedly received. (Exh. A, Count 8 ¶ 12, at p. 20-21)

20.     Counts 11-15 charge Mr. Andrews with payment of bribes and kickbacks in connection with a federal health care program, in violation of 42 U.S.C. § 1320a-7b(b)(2)(B) and 18 U.S.C. § 2. (Exh. A, Counts 11-15, at p. 25)

21.     Count 11 charges Mr. Andrews and two other co-defendants with Payment of Bribes and Kickbacks in Connection with a Federal Health Care Program for allegedly offering and paying "Marketing Company-3" a kickback of $404.75 related to beneficiary R.W. on approximately 10/5/2015. (Exh. A, Count 11, at p. 25)

22.     Count 11 fails to state with any specificity which Defendant offered or paid the recipient and who received the alleged kickback in violation of the anti-kickback statute.

23.     Count 12 charges Mr. Andrews and the same two co-defendants with Payment of Bribes and Kickbacks in Connection with a Federal Health Care Program for allegedly offering and paying "Marketing Company-3" a kickback of $1,117.90 related to beneficiary T.C. on approximately 11/2/2015. (Exh. A, Count 12, at p. 25)

24.     Count 12 fails to state with any specificity which Defendant offered or paid the recipient and who received the alleged kickback in violation of the anti-kickback statute.

25.     Count 13 charges Mr. Andrews and the same two co-defendants with Payment of Bribes and Kickbacks in Connection with a Federal Health Care Program for allegedly offering and paying "Marketing Company-3" a kickback of $1,117.90 related to beneficiary H.M. on

approximately 12/17/2015. (Exh. A, Count 13, at p. 25)

26.    Count 13 fails to state with any specificity which Defendant offered or paid the recipient and who received the alleged kickback in violation of the anti-kickback statute.

27.    Count 14 charges Defendant and the same two co-defendants with Payment of Bribes and Kickbacks in Connection with a Federal Health Care Program for allegedly offering and paying "Marketing Company-1" a kickback of $2,418.00 related to beneficiary Y.B. on approximately 1/20/2016. (Exh. A, Count 14, at p. 25)

28.    Count 14 fails to state with any specificity which Defendant offered or paid the recipient and who received the alleged kickback in violation of the anti-kickback statute.

29.    Count 15 charges Defendant and the same two co-defendants with Payment of Bribes and Kickbacks in Connection with a Federal Health Care Program for allegedly offering and paying "Marketing Company-1" a kickback of $10,017.00 related to beneficiary C.J. on approximately 1/20/2016. (Exh. A, Count 15, at p. 25)

30.    Count 15 fails to state with any specificity which Defendant offered or paid the recipient and who received the alleged kickback in violation of the anti-kickback statute.

31.    Furthermore, Counts 11-15, simply group Mr. Andrews in with two other co-defendants without actually providing any specificity regarding the alleged role Mr. Andrews played related to each count, or the conduct specific to him that amounts to violations of the anti-kickback statute alleged in each of Counts 11-15.

32.    Counsel for Mr. Andrews has reviewed the voluminous discovery provided by the government pursuant to Fed. R. Crim. P. 16 and is still unable to ascertain sufficient information to prepare an adequate defense for Mr. Andrews in this case.

33.    To serve the purposes stated above, Mr. Andrews requests that this Court order the Government to disclose the following Particulars regarding Counts 1, 4-8 and 11-15 of the Indictment:

A.  State with particularity the names and addresses of Marketing Companies 1, 2, 3 and 4.

B.  State with particularity the names and addresses of Commercial Payers 1 and 2.

C.  State with particularity the names of Individuals 3, 4, 5 and 6.

D.  State with as much particularity as possible the amount of each claim allegedly submitted to each of the recipients listed in Counts 4-7

E.  State with as much particularity as possible any facts involving Mr. Andrews's involvement in the submission of each of the claims contained in Counts 4-7 allegedly amounting to health care fraud.

F.  State with as much particularity as possible any facts involving Mr. Andrews's alleged knowledge, willingness, or involvement in offering or paying bribes in connection with a federal health care program in relation to Counts 11-15.

34.    Mr. Andrews is requesting the Particulars in order to adequately prepare for the defense of his case. He is not asking the government to reveal its entire list of witnesses, seeking wholesale discovery of the government's case, or seeking the government's legal theories underlying the case, but simply asks for more specificity to be provided regarding entities, amounts, claims and matters named in the Indictment.

WHEREFORE, the Defendant, JEFFREY ANDREWS, respectfully requests that this Honorable Court grant the Motion for a Bill of Particulars for all of the reasons set forth herein. The Defendant also respectfully requests a hearing on this matter.

RESPECTFULLY SUBMITTED:


/s/   Michael J. Engle, Esquire
MICHAEL J. ENGLE, ESQUIRE
ASHLEY E. SHAPIRO, ESQUIRE
ATTORNEYS FOR DEFENDANT