**ARMSTRONG TEASDALE, LLP**

By: Michael J. Engle, Esquire
Ashley E. Shapiro, Esquire
2005 Market Street, 29th Floor
One Commerce Square
Philadelphia, PA 19103
(267) 780-2000                                          **ATTORNEYS FOR DEFENDANT**

_____

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| vs.        : | CRIMINAL NO. 20-cr-578 (JMV) |
| : | |
| JEFFREY ANDREWS        : | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S
MOTION FOR A BILL OF PARTICULARS**

Defendant Jeffrey Andrews, by and through his counsel, submits this memorandum in support of his Motion for a Bill of Particulars.

**Procedural History and Pertinent Facts**

Mr. Andrews is charged in various counts of a 15-Count Indictment along with three other co-defendants who all worked at a pharmacy company, Main Avenue Pharmacy ("Main Avenue"), with conspiracy, health care fraud and payment of bribes and kickbacks in connection with a federal health care program in violation of 18 U.S.C. §§ 2, 371, 1347, and 1349, and 42 U.S.C. § 1320a-7b(b)(2)(B). The charges specific to Mr. Andrews are contained in Counts 1, 4, 5, 6, 7, 8, 11, 12, 13, 14 and 15 of the Indictment, which also contains forfeiture allegations.

Counsel for Mr. Andrews has reviewed the voluminous discovery provided by the government pursuant to Fed. R. Crim. P. 16 in conjunction with the Indictment and is still unable to ascertain sufficient information to prepare an adequate defense of the allegations against Mr. Andrews. Much—if not all—of the discovery produced by the government was obtained through

1

a search warrant executed at the premises of Main Avenue. Under this search warrant, the government seized *all* of Main Avenue's business records, including information stored on servers, employee computers, and in hard copy. (See Exhibit B[1]). Accordingly, the government's Rule 16 production essentially consists of every record ever created by or at Main Avenue. The Indictment and discovery materials do not allow Mr. Andrews to prepare an adequate defense regarding the allegations against him because it is impossible to narrow down the entities, individuals, and transactions contained in the discovery that are allegedly related to the conspiracy and charges contained in the Indictment.

Mr. Andrews requests this Bill of Particulars so that he can more adequately prepare his defense and understand the nature of the charges against him.

## Legal Argument

### Introduction

Mr. Andrews is unable to prepare a proper defense against these charges due to the lack of specificity contained in the Indictment. The Indictment does not state with specificity any of the following: the Marketing Companies involved in the alleged conspiracy; the Commercial Payers fraudulent claims were allegedly submitted to; the specific amounts of the allegedly fraudulent claims that were submitted; the individuals the allegedly fraudulent claims relate to; the entities that were allegedly offered or paid kickbacks; sufficient facts surrounding Mr. Andrews's role in each claim submitted that allegedly amounts to health care fraud; and sufficient facts surrounding Mr. Andrews's role in offering or paying the alleged kickbacks. Mr. Andrews seeks a Bill of

---

[1] Exhibit B consists of Attachment B of a 56-page search warrant signed on June 6, 2016, that authorized the seizure of items from the premises of Main Avenue Pharmacy. Attachment B lists the items to be seized pursuant to the search warrant. The three portions of the search warrant not attached hereto in Exhibit B due to their lack of relevance and lengthy nature include the Application for a Search Warrant, Sealed Affidavit, and Attachment A titled "The SUBJECT PREMISES," which describes the premises to be searched.

Particulars to clarify these uncertainties.

### Legal Standard

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "[t]he court may direct the government to file a bill of particulars … before or within 14 days after arraignment or at a later time if the court permits." See Fed. R. Crim. R. 7(f). A Bill of Particulars provides the defendant with details of the charges necessary to prepare a defense, to avoid prejudicial surprise at trial, and to protect against a second prosecution based on the same facts. United States v. Addonizio, 451 F.2d 49, 62-63 (3d Cir. 1971). Rule 7(f) was amended in 1966 to eliminate any requirement that the defendant make a showing of cause. See Fed. R. Crim. R. 7 advisory committee's note (1966 amendment). This amendment was "designed to encourage a more liberal attitude by the courts toward bills of particulars without taking away the discretion which courts must have in dealing with such motions in individual cases." Id.

Trial judges have broad discretion when considering these motions in order to strike a balance between the defendant's legitimate interest in securing information concerning the government's case and countervailing considerations including the unfairness that can result from forcing the government to commit itself to a specific version of the facts before it is in a position to do so. See United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989). Courts should grant a motion for a Bill of Particulars when an indictment's failure to provide factual or legal information significantly impairs the defendant's ability to prepare his defense or is likely to lead to prejudicial surprise at trial. United States v. Nestor, No. 3:09-CR-398, 2010 WL 3191888 *3 (M.D. Pa. Aug. 11, 2010) (citing United States v. Rosa, 891 F.2d 1063, 1066 (3d Cir. 1989)). Further, a denial of a motion for a Bill of Particulars is generally only upheld if the information otherwise available to the defendant at the pretrial stage gives the defendant adequate notice or if no prejudice or surprise

was shown to have resulted from the denial of information sought. See United States v. Jackson, 39 Fed. App'x 720, 721 (3d Cir. 2002) (holding various documents included in pretrial discovery that provided detailed physical characteristics of the defendant's co-conspirator sufficiently alerted the defendant to the co-conspirator's identity). All of the information that has been disclosed to the defendant in the course of the prosecution, whether or not that information was included in the indictment should be taken into account. United States v. Kenny, 462 F.2d 1205, 1212 (3d Cir.) (1972).

When considering motions for a Bill of Particulars, courts apply a balancing test wherein the defendant's need to know the facts in order to adequately prepare a defense are balanced against the government's need to avoid prematurely disclosing evidentiary matters thereby limiting it to a specific version of the facts. United States v. Nestor, No. 3:09-CR-398, 2010 WL 3191888 *3 (M.D. Pa. Aug, 11, 2010) (citing United States v. Deerfield Specialty Papers, Inc., 501 F.Supp. 796, 809 (E.D. Pa. 1980)). Using this balancing test, courts throughout the Third Circuit have granted certain bills of particulars in conspiracy cases involving multiple co-conspirators in order to allow each of the co-conspirators to understand the nature of the charges against them, conduct their own investigations, adequately prepare their defenses, and avoid surprise at trial. See United States v. Coles, No. 1:16-CR-212, 2021 WL 308831 (M.D. Pa. Jan. 29, 2021) (granting a motion for a Bill of Particulars in part in a case involving multiple co-conspirators in order for the co-conspirators to better understand their involvement in the alleged conspiracy, and noting that the government identified no compelling reason against providing a Bill of Particulars); United States v. Nestor, No. 3:09-CR-398, 2010 WL 3191888 (M.D. Pa. Aug. 11, 2010) (granting a motion for a Bill of Particulars in part in a conspiracy case where several of the unnamed individuals in the indictment appeared to be involved in the conspiracy beyond mere witnesses and determining that

without knowing their identities the defendant could not adequately prepare a defense); United States v. Korbe, No. 02:09-CR-0005, 2010 WL 2404384 (W.D. Pa. June 10, 2010) (granting a motion for a Bill of Particulars in part in a years-long conspiracy, and ordering the government to provide the general dates, times and locations of the conspiratorial acts and to identify the unindicted co-conspirators the government claimed participated in the conspiracy); United States v. Morris, No. Crim. 07-20, 2008 WL 5188826 (W.D. Pa. Dec. 8, 2008) (granting a motion for a Bill of Particulars in part in a conspiracy case and requiring the government to identify the unindicted co-conspirators who would testify at trial so that the defendant could adequately prepare).

**I.  A Bill of Particulars is Necessary for Mr. Andrews to Prepare an Adequate Defense against the Health Care Fraud and Related Conspiracy Charges**

Similar to the above cases involving conspiracy charges which granted bills of particulars in part, a Bill of Particulars is necessary in the instant multi-defendant conspiracy case against Mr. Andrews because he is not able to adequately prepare a defense due to the the lack of specificity in the Indictment and the volume of discovery produced by the government. In his limited role as an independent contractor and CFO of Main Avenue, Mr. Andrews was not privy to all of the innerworkings of Main Avenue, including each and every marketing company Main Avenue worked with, and all of the payers Main Avenue submitted claims to. Because the Indictment uses vague, insufficient descriptions of these entities such as "Marketing Company-1" and "Commercial Payer-1," Mr. Andrews is unable to conduct his own investigation into the allegations and to adequately prepare a defense. Furthermore, the Indictment alleges that these Marketing Companies participated in the conspiracy as unindicted co-conspirators. Mr. Andrews speculates that the government may call witnesses from these companies or individuals who interacted with these companies in the case against him. By not knowing the names of these

5

entities, Mr. Andrews risks being surprised and prejudiced at trial if the identities of these unindicted co-conspirators are not revealed to him.

Considering all of the material that has been disclosed to Mr. Andrews over the course of the prosecution, which in this case consists of the information contained in the Indictment and the government's Rule 16 production, Mr. Andrews is unable prepare an adequate defense. The approximately 565,000 documents that encompass millions of pages of discovery gathered from the broad search warrant and produced by the government does not narrow down the potential Marketing Companies, Commercial Payers, individuals, or transactions that are at issue in the Indictment. For example, Counts 4-7 of the Indictment do not contain the amounts allegedly fraudulently submitted to payers that constitute health care fraud, and some of the counts also do not specify which payers the claims were submitted to. While the Indictment does list the *approximate* dates the claims were submitted, considering the scale of Main Avenue's former business and that the discovery consists of each and every record produced by Main Avenue in the course of business, even with this approximation it is impossible for Mr. Andrews to understand which transactions the government alleges amount to fraud because dozens—if not hundreds—of transactions were submitted to various entities each day. Accordingly, without knowing which entities the allegedly fraudulent claims were submitted to and the amounts of the claims at issue, Mr. Andrews is not able to adequately prepare to defend against these allegations.

**II.     A Bill of Particulars is Necessary for Mr. Andrews to Prepare an Adequate Defense against the Anti-Kickback and Related Conspiracy Charges**

The anti-kickback allegations also do not provide enough information for Mr. Andrews to prepare an adequate defense against these charges. Even though the Indictment does provide the approximate amount of the alleged kickback paid and the approximate date it was paid, this information is still not sufficient because the counts neither specify which entity the kickback was

allegedly offered or paid to, nor specify Mr. Andrews's alleged role in the offering or payment of the alleged kickback. For example, Counts 11-15 allege that Marketing Company-3 and Marketing Company-1 allegedly were offered or paid kickbacks on approximate dates. More specifically, Count 12 alleges that Marketing Company-3 was the recipient of an alleged kickback on approximately 11/2/15 for approximately $1,117.90. Count 13 alleges that this exact same Marketing Company was allegedly offered or paid the exact same amount slightly more than a month later on 12/7/15. Without knowing the specific entities at issue and his role in the offering or payment of the alleged kickbacks, Mr. Andrews not only has no way of adequately preparing a defense against these allegations, but he also has no way of knowing whether he has an argument that these counts are duplicitous.

In addition to the Indictment, the voluminous Rule 16 discovery produced by the government also does not allow Mr. Andrews to identify with any certainty or specificity the potential transactions, acts, or omissions that give rise to the allegations in each applicable count. As related to the anti-kickback allegations, Main Avenue paid numerous entities each day and many of these entities were often paid the same amounts because the amounts were tied to the same commission rate. Thus, simply attempting to locate the transactions at issue in the Indictment by their approximate transaction date or amount from among the millions of pages of discovery contained within the roughly 565,000 documents still does not provide Mr. Andrews with enough information to narrow down which potential transactions the government alleges amount to a crime. All of these insufficiencies can be remedied by this Court with a Bill of Particulars.

### III.  Mr. Andrews's Legitimate Interest in Securing Information Outweighs any Countervailing Considerations

In applying the balancing test enumerated above and adopted by the Third Circuit, Mr. Andrews's legitimate interest in securing information outweighs any countervailing considerations the government may pose relating to the personal security of witnesses or the unfairness of requiring the government to prematurely commit itself to a specific version of the facts. The particulars that Mr. Andrews seeks in this motion largely do not involve individual witnesses, but instead involve the names of various corporate entities, such as the name of each Marketing Company and each Commercial Payer referenced in the indictment. As such, personal security of individual witnesses is a minimal to non-existent consideration. Furthermore, in order to obtain the Indictment against Mr. Andrews, the government almost certainly detailed to a Grand Jury the specific Marketing Companies, Commercial Payers, amounts of each allegedly fraudulently submitted claim, amounts of each alleged kickback offered or paid, and Mr. Andrews's alleged role in each of the alleged schemes. Accordingly, the government has already committed itself to certain facts at this point in the proceedings, even though these facts are unknown to Mr. Andrews. Granting this Bill of Particulars and disclosing the same information to Mr. Andrews that likely was already disclosed to the Grand Jury would not require the government to commit itself to any version of facts that it has not already committed to. Considering both the information Mr. Andrews seeks and the information already disclosed by the government to the Grand Jury, any recognized countervailing consideration the government may pose is vastly outweighed by the legitimate interest that Mr. Andrews has in securing this information in order to prepare an adequate defense.

**Conclusion**

The Indictment and discovery produced by the government in the instant matter before this Honorable Court are insufficient for Mr. Andrews to understand the nature of the charges against him and his role in the alleged conspiracy. A Bill of Particulars is necessary to allow Mr. Andrews to adequately prepare a defense and avoid unfair surprise at trial. Therefore, Mr. Andrews respectfully requests that this Honorable Court grant his Motion for a Bill of Particulars pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure for all of the reasons set forth in this motion and the attached memorandum of law. The Defendant also respectfully requests a hearing on this matter.

RESPECTFULLY SUBMITTED:

/s/   Michael J. Engle, Esquire
MICHAEL J. ENGLE, ESQUIRE
ASHLEY E. SHAPIRO, ESQUIRE
ATTORNEYS FOR DEFENDANT