

*U.S. Department of Justice*

*United States Attorney*
*District of New Jersey*

---

*Mark E. Coyne*
*Supervisory Assistant U.S. Attorney*
*Chief, Appeals Division*

*970 Broad Street, 7th floor*
*Newark, New Jersey 07102*

*973-297-2002*

September 15, 2025

Hon. Madeline Cox Arleo
United States District Judge
U.S. District Court for the District of New Jersey
Martin Luther King, Jr. Building & U.S. Courthouse
Newark, New Jersey 07102

    Re:    *United States v. Jeffrey Andrews*, Crim. No. 20-578 (MCA)

Dear Judge Arleo:

    The Government respectfully requests that this Court sentence defendant Jeffrey Andrews as scheduled on October 1, 2025, and opposes any further adjournment. Further adjournment is unwarranted and would be contrary to the interest of the Government, Andrews's victims, and the public in the orderly disposition of this criminal case.

### A. Procedural History

    From January 2014 to July 2016, Main Avenue Pharmacy ("Main Avenue") dispensed compounded medications ("compounds") through the mail. Between 2014 and 2016, pharmacies like Main Avenue, and individuals like Andrews, exploited the fact that health care benefits programs including Medicare and TRICARE paid extremely high dollar amounts for compounds, which were inexpensive for pharmacies to prepare. Andrews oversaw illegal financial relationships between Main Avenue and marketers who generated medically unnecessary prescriptions for compounds in return for kickbacks from Main Avenue. Andrews and his co-conspirators knew their conduct was illegal, but proceeded anyway, earning tens of millions of dollars for medically unnecessary prescriptions.

    In July 2020, *more than five years ago* and when Craig Carpenito served as U.S. Attorney, a grand jury returned the Indictment in this case. On September 16, 2024, Andrews signed a plea agreement. Andrews pled guilty on September 24, 2024, when Philip R. Sellinger served as U.S. Attorney.

    Andrews's sentencing was scheduled for February 18, 2025. *See* DE 141. It was later rescheduled for June 12, 2025; July 17, 2025; August 21, 2025; and October 1, 2025. On September 12, 2025, Andrews sought to adjourn the October 1, 2025 sentencing citing, among other reasons, ongoing litigation concerning Alina Habba's status as Acting U.S. Attorney.

## B. The Court Should Promptly Conduct the Sentencing Hearing

The Government respectfully but strenuously objects to further adjournment given the nature of this case, the procedural history, and the need to provide restitution for victims. The Government respectfully asks this Court to maintain the current sentencing date of October 1, 2025. And to the extent defense counsel has a newly identified scheduling conflict, the Government asks that this sentencing be set for a different time on October 1, or a different day during the same week or the week prior.

Further adjournment of sentencing in this case is unwarranted. The Hon. Michael A. Chagares, Ch. U.S.C.J., assigned not just the *Giraud* case but all "related" cases—that is, cases like *Pina* where a defendant or the district judge *sua sponte* challenges Alina Habba's authority to act—to the Hon. Matthew W. Brann, Ch. U.S.D.J., sitting by designation. In *Giraud* and *Pina*, Chief Judge Brann entered an order disqualifying Ms. Habba and anyone she supervises from participating in the *Giraud* and *Pina* prosecutions. But recognizing the exceptionally important issues involved and the harm that could otherwise result, Chief Judge Brann also **stayed** his order "and its effects … pending appellate proceedings in these matters." (*Giraud* Docket Entry 145, ¶ 7; *Pina* Docket Entry 69, ¶ 7.) The Government, in turn, filed notices of appeal in both cases on Monday, August 25, 2025. The Court of Appeals has consolidated the appeals for all purposes and expedited them. Under that expedited briefing schedule, the Government's opening brief was filed on September 12, 2025, and its reply brief is due Tuesday, October 14, 2025. The oral argument is scheduled for October 20, 2025. No one can say when the Third Circuit will decide the appeal and whether further litigation will follow.

If this Court believes Ms. Habba's participation in this case poses a problem, that would make this case a "related" one to *Giraud*. This Court should then heed the stay that Chief Judge Brann granted. Because Chief Judge Brann stayed his disqualification order in its entirety, Ms. Habba can continue serving as the Acting U.S. Attorney while the Government's appeals in *Giraud* and *Pina* are pending. For the same reason, she can, if she chooses, oversee this case while those appeals are pending. Meanwhile, even under Chief Judge Brann's opinion, Ms. Habba validly exercised the authority of an interim United States Attorney through June 30, 2025. *See United States v. Giraud*, Crim. No. 25-436, 2025 WL 2416737, at *12 (D.N.J. Aug. 21, 2025). Just as in *Giraud*, "the validity of [this] prosecution up until this point is unquestioned." *See* WL 2196794, at *6 (Opinion dated Aug. 1, 2025). Andrews was indicted, signed his plea agreement and pled guilty long before Ms. Habba was appointed as interim U.S. Attorney. All that remains to complete this case is the sentencing.

There is no reason for this case not to proceed as it normally would. This case was indicted more than five years ago, Andrews signed a plea agreement one year

ago, and his sentencing has already been adjourned multiple times. The victims of Andrews's crime have "the right to full and timely restitution as provided in the law," as well as "the right to proceedings free from unreasonable delay." *See* 18 U.S.C. §§ 3771(a)(6), (a)(7). And Andrews's plea agreement obligates him to make complete restitution, in a total amount of **$33,615,870.30**. DE 143. The Mandatory Victims Restitution Act contains procedures for the orderly issuance and enforcement of orders of restitution, *see* 18 U.S.C. § 3663A, et. seq., but restitution is ordered "when sentencing" a defendant. *See* 18 U.S.C. § 3663A(a)(1). The Court's delay of sentencing thus results in an unwarranted delay in the victims' ability to obtain restitution. In this case, the victims include not only public victims like Medicare and TRICARE, but also numerous other private health care plans. The public, in addition to the victims, likewise has a substantial interest in the orderly disposition of this criminal matter.

Finally, Andrews's plea agreement includes an appellate waiver that would foreclose any challenge to the sentence if the term of imprisonment does not exceed 57 months. DE 143. That would encompass any argument Andrews tries to assert that his sentence somehow is invalid because Ms. Habba supposedly cannot supervise this prosecution. *See United States v. Khattak*, 273 F.3d 557, 561-62 (3d Cir. 2001) (enforcing appellate waiver, acknowledging "[w]aivers of the legal consequences of unknown future events are commonplace"). That's especially so given that the AUSAs assigned to this case derive their authority to appear on behalf of the United States *not* from Ms. Habba, but from the Attorney General. *See* 28 U.S.C. § 542.

For all these reasons, the Government very respectfully requests that this Court maintain the current sentencing date of October 1, 2025. Doing so will advance the interests of justice, not undermine them.

    Respectfully submitted,

    TODD BLANCHE
    U.S. DEPUTY ATTORNEY GENERAL

    ALINA HABBA
    ACTING UNITED STATES ATTORNEY
    SPECIAL ATTORNEY

    *s/ Mark. E. Coyne*
By:    Mark E. Coyne
    Supervisory Assistant U.S. Attorney
    Chief, Appeals Division

    Katherine M. Romano
    Matthew Specht
    Assistant U.S. Attorneys

**CERTIFICATE OF SERVICE**

      I certify that today I caused a copy of this letter to be served by notice of electronic filing upon all counsel of record in this case.

                                               *s/ Katherine M. Romano*
                                               Katherine M. Romano
                                               Assistant U.S. Attorney

Dated: September 15, 2025